IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH CLYDE BODWIN, #1880588 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv193 |
| BRIAN COLLIER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Joseph Clyde Bodwin, a prisoner confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Plaintiff's motion for entry of default (Dkt. #24). He seeks the entry of default against named Defendants Brian Collier, Juan M. Garcia, Michael O. McNeil, and John L. Ellis. Plaintiff moves for entry of default claiming that the time for the parties to file an answer has expired.

On June 14, 2022, the Court ordered the Defendants to either answer or otherwise plead to Plaintiff's claims within 60 days of the Order. (Dkt. #15). On August 15, 2022, the Defendants timely filed a Motion to Dismiss pursuant to Fed. Rule. Civ. P. 12(b). (Dkt. #17). Pursuant to the Federal Rules of Civil Procedure, the Defendants have "otherwise responded" to Plaintiff's claim and have appeared before the Court. If the Motion to Dismiss is denied, Defendants are required

1

to file an answer pursuant to Fed. R. Civ. P. 4(a), 14 days after the denial of the motion to dismiss. Defendants are not in default at this time. Plaintiff's motion is premature.

The entry of a default judgment is committed to the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). As a general rule, defaults are not favored. *See Turner v. Salvatierra*, 580 F.2d 199, 201 (5th Cir. 1978); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989).

In the present case, the entry of a default or a default judgment is not appropriate under these circumstances. The motion should be denied.

## Recommendation

It is recommended that the Plaintiff's motion for entry of default (Dkt. #24) should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

2

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of December, 2022.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE