IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH CLYDE BODWIN, #1880588 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv193 |
| BRIAN COLLIER, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Clyde Bodwin, a prisoner confined in the Texas prison system, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff's cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636.

Plaintiff filed his original complaint on May 17, 2022 (Dkt. #1). He sued Brian Collier, Coffield Unit Senior Warden Juan M. Garcia, Major Michael O. McNeil, and Lt. John L. Ellis. On June 10, 2022, Plaintiff filed his amended complaint. (Dkt. #13). Plaintiff moved to supplement his amended complaint on August 25, 2022. (Dkt. #19). Plaintiff amended his claim for damages from $500,000 to $5 million dollars. (Dkt. #21).

Before the Court is Defendants Collier, Ellis, McNeil, and Garcia's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Dkt. #17). Plaintiff filed a response in opposition on August 31, 2022 (Dkt. #22). For the reasons hereinafter explained, the Court recommends that Defendants' motion to dismiss be granted; however, Plaintiff's claims against Defendant Ellis for

1

excessive use of force and denial of medical care, and Plaintiff's claims against Defendant McNeil for denial of due process shall proceed.

## Plaintiff's allegations

In his amended complaint, Plaintiff alleges that while housed at the Coffield Unit, Defendant Ellis used unnecessary and excessive force against him on July 11, 2021. In his complaint, he claims that on July 11, 2021, he was given permission to leave his cell on X-wing because he was having chest pains. He was sent to the infirmary. En route to the infirmary, Plaintiff continued to suffer chest pains.

As he approached the infirmary, Lt. Ellis confronted Plaintiff and demanded to know what was wrong with him. Plaintiff told Lt. Ellis that he was having chest pains. Lt. Ellis responded: "___ your chest pains!" Plaintiff stated that he moved to the left to get away from Lt. Ellis and move toward the infirmary. Lt. Ellis grabbed him, lifted Plaintiff off his feet and slammed him into the concrete floor. Lt. Ellis detained Plaintiff trying to pull his arm and shoulder out of its socket. Bodwin was then handcuffed by other officers. Lt. Ellis then sucker punched Plaintiff in his mouth, busting his upper lip, saying "I got you _____!" Plaintiff asserts that Defendant Ellis pulled Plaintiff's shoulder out of its socket and injured Plaintiff's hip.

In the infirmary, the nurse wrapped a blood pressure cuff around Plaintiff's arm. Plaintiff admits that he was upset with Lt. Ellis and that he and Lt. Ellis were having a heated argument. Lt. Ellis told the nurse that the screening process was over and get him ("Plaintiff") out of here. The nurse never turned on the blood pressure machine and Plaintiff never received an examination of his injuries or chest pain. Plaintiff asserts that Defendant Ellis denied him medical care for his chest pain and for his injuries associated with the use of force.

2

Plaintiff contends that Defendant McNeil had Plaintiff falsely imprisoned in lock up for 53 days in order to cover up for Defendant Ellis' unnecessary and excessive force. He alleges that Defendant McNeil denied him due process regarding the various hearings, including a disciplinary hearing to clear his name, to which he would have been entitled.

Plaintiff further contends that Defendants Collier and Garcia are responsible for the health and well-being of the inmates at the Coffield Unit and the Texas prison system respectively. He also alleges that he sent I-60s and grievances to Defendants Collier and Garcia regarding his claims regarding Defendant Ellis; however, his correspondence was either returned without a response or was ignored.

Plaintiff seeks $5 million dollars in compensatory damages for his injuries, and pain and suffering, nominal damages, and punitive damages. (Dkt. #1, p. 10). Plaintiff seeks a declaratory judgment that his constitutional rights have been violated. He also seeks a permanent injunction.

Discussion

**I.    Defendants' motion to dismiss pursuant to Rule 12(b)(1)**

Defendants Collier, Garcia, McNeil, and Ellis allege that Plaintiff does not specify in his complaint whether he is suing Defendants in their official capacities for money damages. To the extent Plaintiff is suing Defendants in their official capacities, Defendants move to dismiss Plaintiff's official capacity claims for money damages for lack of subject matter jurisdiction. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court addresses the Rule 12(b)(1) motion first.

A.  FED. R. CIV. P. 12(b)(1) standard

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the court to hear a case. FED. R. CIV. P. 12(b)(1). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over an action. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

The Federal Rules of Civil Procedure require this Court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Claims barred by the invocation of sovereign immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, the Defendants' motion to dismiss under Rule 12(b)(1)

is a facial attack unaccompanied by supporting evidence. This Court, therefore, examines whether the allegations in the pleadings alone, which are assumed to be true, are sufficient to invoke the Court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–14 (5th Cir. 1981).

      B.      <u>Claim for money damages against Defendants in their official capacities</u>

Plaintiff is suing TDCJ Executive Director Collier, Senior Warden Garcia, Major McNeil, and Lt. Ellis. (Dkt. #1). Defendants assert that any claim for money damages against them in their official capacities is barred by the Eleventh Amendment. To the extent Plaintiff is seeking money damages from the Defendants in their official capacities, that claim should be dismissed without prejudice.

When a plaintiff files suit against state officials in their official capacities, in effect, he is bringing suit directly against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011), *cert. denied*, 565 U.S. 1079 (2011) ("Eleventh Amendment immunity extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself")). Since the State has not consented to suit, in as far as Plaintiff filed suit against Defendants for monetary relief in their official capacities, Defendants are shielded from this claim via the Eleventh Amendment. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)). The Court recommends any claim seeking money damages from Defendants in their official capacities should be dismissed without prejudice for lack of subject matter jurisdiction.

      C.      <u>Claims for Permanent Injunctive Relief</u>

Defendants also move to dismiss Plaintiff's request for injunctive relief against Defendants stating that his request is not specified. In his complaint, Plaintiff stated that he was seeking an injunction ordering Defendants Ellis and McNeil to cease their physical violence and threats

toward him. Plaintiff was not seeking permanent injunctive relief against Defendants Collier or Garcia. In his response to the Motion to Dismiss (Dkt. #22), Plaintiff states that Lt. Ellis has been transferred to another unit because of Lt. Ellis' assault on Plaintiff. (*Id.* at 2). In his September 21, 2022, letter, Plaintiff states that both Lt. Ellis and Major McNeil have been transferred away from the Coffield Unit, which is Plaintiff's his unit of assignment. (Dkt. #23). As such, Plaintiff's request for injunctive relief is moot.

The Fifth Circuit has repeatedly held that transfer to another prison renders moot claims for declaratory and injunctive relief relating to conditions of confinement at the prison unit. *See*, e.g., *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a claim by the prisoner-plaintiff for declaratory and injunctive relief against continued exposure to asbestos was moot because the plaintiff had been transferred out of the unit); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir.1991) (claims for injunctive relief based on denial of food at prior jail were moot); *see also Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (dismissing as moot plaintiff's RLUIPA claims due to a prison transfer). Although, it is the Defendants that were transferred rather than Plaintiff, the principle is the same. Defendants McNeil and Ellis can no long redress any request for prospective injunctive relief at the Coffield Unit. Plaintiff's claims for permanent injunctive relief should be denied as moot.

## II.    Defendants' motions to dismiss pursuant to Rule 12(b)(6)

Defendants Collier and Garcia move to dismiss Plaintiff's claims against them in their individual capacities under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants assert that Plaintiff is suing them in their respective supervisory roles and has

failed to allege any facts demonstrating that Defendants are personally involved in any violation of Plaintiff's constitutional rights. The Court notes that Defendants McNeil and Ellis do not move to dismiss the claims against them pursuant to Rule 12(b)(6).

    A.    <u>FED. R. CIV. P. 12(b)(6) Standard</u>

Defendants Collier and Garcia move to dismiss Plaintiff's claims against them under Rule 12(b)(6) for failure to state a claim. When a defendant files a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 329–330 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

The Supreme Court clarified the standards that apply in a motion to dismiss for failure to state a claim in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a) does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78. A pleading offering "labels and conclusions" or a "formulaic recitation of the

elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id*. at 678.

A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id*.; *see also Rios v. City of Del Rio, Tex*., 444 F.3d 417, 421 (5th Cir. 2006).

Because Defendants have filed their Rule 12(b)(6) motion, the Court construes the amended complaint in favor of Plaintiff and has accepted as true all well-pleaded facts. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzales v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009)). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

If the facts alleged in a complaint do not permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing FED. R. CIV. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421. By contrast, while a motion to dismiss

challenges a complaint's legal sufficiency, a post-discovery motion for summary judgment evaluates whether a genuine issue of material fact remains after considering both sides' proffered evidence. *Rader v. Cowart*, 543 F. App'x 358 (5th Cir. 2013); *see also St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

  B. <u>Claims against Defendants Collier and Garcia in their respective supervisory roles</u>

In his complaint and amended complaint, Plaintiff bases his claims against Defendants Collier and Garcia on their respective roles as Executive Director and Warden at the Coffield Unit. Plaintiff does not assert any facts against either Defendants Collier or Garcia that shows their personal involvement with the use of force, the denial of medical care, the disciplinary proceedings, or the denial of due process.

Plaintiff is clearly suing each defendant in their respective supervisory roles. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The doctrine of *respondeat superior*, however, does not apply in section 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

The Supreme Court has held that the term supervisory liability in the context of a section 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. The Court rejected an argument that government officials may be held liable merely because they had knowledge or acquiesced in their subordinate's misconduct. *Id*. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.

9

*Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Plaintiff has not alleged any facts showing that each Defendant was personally involved in denying him his constitutional rights. His claim is purely speculative and does not save it from dismissal. *Silva v. Moses*, 542 F. App'x 308, 310-11 (5th Cir. 2013).

Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304 (quotations omitted). In order to establish a claim for governmental liability under section 1983, a plaintiff must allege and identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 694-95. Here, Plaintiff has not alleged facts that satisfy this standard. Instead, he infers that because Defendants held supervisory roles, then *ipso facto* they must be liable. His attempt to establish the Defendants' liability through vicarious liability is unavailing. *See Birdwell v. Livingston*, 327 F. App'x 457, 459-60 (5th Cir. 2009) (holding that there is no liability in the absence of personal knowledge on the part of officials).

To the extent that Plaintiff is suing Defendants Collier and Garcia because they did not respond to his correspondence (I-60s), that claim is meritless. A claim that a complaint letter was mailed to a person in a supervisory position, without more, is insufficient to establish liability on the part of that individual for a deprivation allegedly caused by a subordinate. *See Risley v. Hawk,* 918 F.Supp. 18, 24 (D.D.C.1996), *aff'd,* 108 F.3d 1396 (U.S.App.D.C.1997); *Green v. DeBruyn,* 1996 WL 476691 *6 (N.D.Ind.1996). Certainly, inmates are not permitted to establish § 1983 liability against prison supervisory personnel by mailing letter of complaint to those individuals,

thereby, circumventing the established prison grievance process. To hold otherwise would render the prison grievance process meaningless to inmates except as a procedural prerequisite to filing suit in federal court against every official to whom they sent a complaint letter. Plaintiff also failed to allege any facts that Defendants Collier or Garcia actually received or read the correspondence.

Plaintiff also complains that he forwarded his grievances to Defendants Collier and Garcia but either did not receive a reply or the grievances were returned to him unanswered. Plaintiff fails to state a claim regarding sending grievances to these two Defendants. An inmate has no constitutional right to an adequate and effective grievance procedure. *Propes v. Mays*, 169 F. App'x 183, 184–85 (5th Cir. 2006) (citing *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005)). The Constitution also does not create a federally protected liberty interest for prisoners to have their grievances investigated or resolved to their satisfaction. *See Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008); *Geiger*, 404 F.3d at 373–74.

Any alleged due process violation arising from an "alleged failure to investigate [prisoner] grievances is indisputably meritless." *Geiger*, 404 F.3d at 374; *see also Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated [the prisoner's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."). To the extent Plaintiff claims he was entitled to an investigation and a response, he has no protected due process rights in the handling of his grievances. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (rejecting claim that prison officials' failure to conduct an adequate investigation into his grievance implicated due process concerns "because [appellant] lacks a protected interest in a favorable resolution to his grievances"). He also has no claim against any prison official merely because that official denied his grievance complaints.

*Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013). Plaintiff simply has no "federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger*, 404 F.3d at 374; *see Avon v. Green*, No. 14-CV-109, 2014 WL 1917543, at *2 (N.D. Tex. May 12, 2014) ("Denying plaintiff's grievances or failing to resolve them in the manner preferred by plaintiff, is not a violation of plaintiff's constitutional rights.").

Here, Plaintiff has not pleaded factual allegations showing that Defendants Collier or Garcia were personally involved in a constitutional violation, that wrongful conduct by either of these Defendants was causally connected to a constitutional violation, or that either Defendant Collier or Defendant Garcia implemented a constitutionally deficient policy which was the moving force behind a constitutional deprivation. The mere fact that each Defendant was in a supervisory role in the prison system does not give rise to section 1983 liability for the actions of subordinate officers. Plaintiff has failed to state a claim against Defendants Collier or Garcia, in their respective individual capacities, upon which relief may be granted. Plaintiff's claims against the Defendants Collier or Garcia, in their individual capacities, fail to state a claim upon which relief may be granted

## Recommendation

It is recommended that Defendants' Motion to Dismiss (Dkt. #17) pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) be granted. Plaintiff's claims against the Defendants for money damages in their official capacities should be dismissed without prejudice. Plaintiff's claims for prospective injunctive relief against Defendants McNeil and Ellis in their official capacities should be denied as moot. Plaintiff's individual capacity claims against Defendants Collier and Garcia should be dismissed with prejudice for failure to state claim upon which relief can be granted. It is

recommended that Plaintiff's claims against Defendants McNeil and Ellis should proceed on the docket.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve, and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 15th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE