IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOSEPH CLYDE BODWIN, #1880588,<br><br>　　Plaintiff,<br><br>v.<br><br>BRIAN COLLIER, et al.,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:22-cv-193-JDK-JDL<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　Plaintiff Joseph Clyde Bodwin, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition. Before the Court is Defendants Brian Collier, John Ellis, Juan Garcia, and Michael McNeil's motion to dismiss. Docket No. 17.

　　On December 15, 2022, Judge Love issued a Report recommending that the Court grant Defendants' motion to dismiss. Docket No. 26. Specifically, Judge Love recommended dismissing Plaintiff's money damages claims against all Defendants in their official capacities, denying as moot Plaintiff's prospective injunctive relief claims against Defendants McNeil and Ellis in their official capacities, and dismissing Plaintiff's claims against Defendants Collier and Garcia in their individual capacities for failure to state a claim. Judge Love further recommended

1

that Plaintiff's excessive use of force and denial of medical care claims against Defendant Ellis in his individual capacity and Plaintiff's denial of due process claim against Defendant McNeil in his individual capacity—neither of which was raised in the motion to dismiss—be allowed to proceed. Plaintiff filed timely objections. Docket No. 28.

Plaintiff's objections merely state that he disagrees with the Report's findings and conclusions to dismiss the claims against Defendants Collier and Garcia. However, objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider."). General, vague, conclusive, or frivolous objections will not suffice. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). In such cases, the Court will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law. *See Gallegos v. Equity Title Co. of Am., Inc.*, 484 F.Supp.2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (quoting 28 U.S.C. § 636(b)(1)).

Here, Plaintiff's objections are not specific objections to the Report and are therefore not entitled to de novo review.  Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.  Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 26) as the findings of this Court and **GRANTS** Defendants Collier, Ellis, Garcia, and McNeil's motion to dismiss (Docket No. 17).  It is **ORDERED** that Plaintiff's claims against Defendants Collier, Ellis, McNeil, and Garcia for money damages in their official capacities are **DISMISSED WITHOUT PREJUDICE**.  It is **ORDERED** that Plaintiff's claims for prospective injunctive relief against Defendants McNeil and Ellis in their official capacities are **DENIED** as **MOOT**.  It is further **ORDERED** that Plaintiff's claims against Defendants Collier and Garcia in their individual capacities are **DISMISSED WITH PREJUDICE**.  It is finally **ORDERED** that Plaintiff's individual capacity claims against Defendants McNeil and Ellis shall proceed on the docket.

So **ORDERED** and **SIGNED** this **25th** day of **January, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE