IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOSEPH CLYDE BODWIN, #1880588, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-193-JDK-JDL |
| BRIAN COLLIER, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joseph Clyde Bodwin, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Defendant John L. Ellis's motion for summary judgment on the issue of exhaustion of administrative remedies. Docket No. 37. On February 16, 2024, Judge Love issued a Report and Recommendation recommending that the Court grant Defendant's summary judgment motion and dismiss Plaintiff's claims against this Defendant for failure to exhaust administrative remedies. Docket No. 50. Plaintiff filed objections to the Report. Docket No. 55.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff complains about TDCJ's grievance process but does not show any error in Judge Love's analysis of Plaintiff's grievances. Docket No. 55. As Judge Love explained, Plaintiff presented unprocessed grievances, unexhausted grievances that did not proceed through Step 2, and grievances that failed to complain about the appropriate issue at Step 1 and Step 2. *Id.* at 8–11. While Plaintiff may not agree with TDCJ's grievance process, "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process." Docket No. 50 at 7 (quoting *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 50) as the opinion of the District Court. The Court **GRANTS** Defendant Ellis's summary judgment motion (Docket No. 37) and **DISMISSES** Plaintiff's claims against Defendant Ellis without prejudice for failure to exhaust administrative remedies.

**Signed this**
**Mar 19, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE